UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUTH SANSON,<br><br>                    Plaintiff,<br><br>v.<br><br>T.J. MAXX OF CA, LLC,<br><br>                    Defendant. | Case No.:  23-CV-2143-CAB-DEB<br><br>**REMAND ORDER** |

Defendant T.J. Maxx of CA, LLC, removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction under § 1332 requires that the parties to the action be "citizens of different states" and the matter in controversy to exceed $75.000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Although it was apparent from the notice of removal and the complaint that the amount in controversy requirement is satisfied, the notice did not adequately establish diversity of citizenship. While the Court was satisfied that Plaintiff is a citizen of California, the notice did not establish the citizenship of Defendant T.J. Maxx of CA, LLC.

The citizenship of Defendant, which is a limited liability company ("LLC"), is determined by the citizenship of each of its members.  *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) ("For purposes of diversity jurisdiction, a limited liability company 'is a citizen of every state of which its owners/members are citizens.'") (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)).   The notice of removal, however, did not identify Defendant's members or their citizenship.

1

Instead, the notice ignored the corporate structure of Defendant as an LLC and identified only the citizenship of The TJX Companies, Inc.

The Court therefore ordered Defendant to show cause why this case should not be remanded to San Diego County Superior Court for lack of subject matter jurisdiction. The Court is now in receipt of Defendant's response to the Court's order and is unpersuaded that Defendant has satisfied its burden to demonstrate the requisite diversity for this Court to have subject matter jurisdiction over this lawsuit.

First, the response confusingly claims that Defendant is a "wholly owned subsidiary of the TJX Companies, Inc." while also stating that Defendant is a limited liability company with one member—NBC Operating, L.P. As Defendant's sole member, NBC Operating, LP's citizenship is also Defendant's citizenship for diversity purposes, and as a partnership, NBC Operating LP's citizenship is that of its partners. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1064 n.10 (9th Cir. 2019) ("Partnerships are citizens of each state or foreign country of which any partner is a citizen.").

To that end, the response states that NBC Operating LP's sole partner is NBC Trust. Thus, NBC Operating LP's citizenship, and in turn Defendant's citizenship, is the citizenship of NBC Trust. It is here that the response fails. The response claims that NBC Trust, which, based on its name, appears to be a trust, is instead a corporation. A search of the Massachusetts Secretary of State's website, however, lists NBC Trust's "Entity type" as "Voluntary Associations and Trusts."[1] "A trust has the citizenship of its trustee or trustees." *Johnson*, 437 F.3d at 899. The response to the order to show cause does not identify NBC Trust's trustee,[2] or the trustee's citizenship. Therefore, Defendant's response

---

[1] *See* https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?sysvalue=PfmYHKo4kPe.6r5wjKq8u6AIr842pumfK30z0q7.dkw-

[2] The Massachusetts Secretary of State's website identifies NBC Trust's trustee as NBC Manager, LLC.

2

23-CV-2143-CAB-DEB

to the OSC does not adequately allege Defendant's citizenship, which would be the citizenship of NBC Trust's trustee.

Because Defendant has not satisfied its burden to demonstrate diversity of citizenship between Plaintiff and Defendant, the Court cannot determine whether it has subject matter jurisdiction over this lawsuit and is compelled to remand the case to state court. Accordingly, it is hereby **ORDERED** that this case is **REMANDED** to San Diego County Superior Court. The parties may re-file their request to stay the case pending arbitration in that venue.

It is **SO ORDERED.**

Dated: December 1, 2023

Hon. Cathy Ann Bencivengo
United States District Judge